Filed 10/10/14  P. v. Childers CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER MARK CHILDERS,<br><br>    Defendant and Appellant. | D065818<br><br><br>(Super. Ct. No. SCD231261, SCD228796) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Christopher Mark Childers appeals from the final judgment entered after the trial court made a true finding that he committed a felony (carjacking; Pen. Code,[1] § 215,

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

subd. (a)) while released on bail or his own recognizance for an earlier felony offense (§ 12022.1, subd. (b)) and reinstated a two-year consecutive sentence on the enhancement, on remitter after remand from our previous nonpublished opinion in this case, *People v. Childers*, D062971 (Aug. 30, 2013) (2013 Opinion).[2]  Childers raises no specific issues on appeal, but asks this court to review the entire record to determine if there are any issues which, if resolved in his favor, would result in reversal or modification of the judgment.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  Having done so, we find no error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

At trial, Childers was convicted of carjacking (§ 215, subd. (a)) and possession of a firearm (§ 12021, subd. (a)(1)).  The jury also found true that Childers personally used a firearm (§ 12022.53 subd. (b)) when he committed the carjacking.[3]  Childers admitted that he had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), a prior strike conviction (§§ 667, subds. (b)-(i), 668, 1170.12), and a prison prior conviction (§ 667.5, subd. (b)).  The information also had alleged Childers committed a felony (carjacking) while out on bail pending final judgment on an earlier felony offense (§ 12022.1, subd. (b)).  However, as noted in the 2013 Opinion, while Childers appeared prepared to

---

[2]     On our own motion we take judicial notice of the 2013 Opinion.

[3]     The firearm possession conviction and enhancement were dismissed after Childers made a new trial motion.

waive both his rights to a jury trial and to present evidence regarding the out-on-bail enhancement at the same time as he waived these rights to the other enhancements, the trial court did not ask Childers to admit to the out-on-bail enhancement and sentenced him to an additional two-year consecutive sentence on that enhancement.

Childers appealed contending, in relevant part, that the trial court improperly sentence him on the out-on-bail enhancement. In the 2013 Opinion this court agreed, and reversed the judgment to the extent it included a two-year enhancement to Childers's prison term based on section 12022.1. We remanded the case to the trial court with directions "to make the necessary findings to ascertain if an enhancement under section 12022.1, subdivision (b) is warranted and then to modify the abstract of judgment accordingly." (*People v. Childers*, *supra*, D062971.)

On April 14, 2014, the trial court held a hearing after remitter to determine if Childers committed the carjacking while out on bail, as alleged in the underlying information, either through Childers's admission to the enhancement or the making of a true finding after presentation of the requisite proof by the People.[4] Childers did not admit the enhancement, and the trial court put the People to its proof.

Pursuant to request of the People, the trial court took judicial notice of various court documents and the jury verdict, which disclosed the following facts. (Evid. Code, §§ 450, 452, subd. (d)(1).) On December 20, 2010, Childers was released on his own

---

4    At the outset of the hearing, Childers made a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118), which was denied after the court held a separate hearing during which the prosecutor was not present.

recognizance in case No. SCD231261, in which it was alleged he had committed various misdemeanors and felonies.[5] On February 4, 2011, Childers failed to appear in court. On April 15, 2011, Childers was arrested for carjacking (§ 215, subd. (a)), which was committed on April 13, 2011. On January 19, 2012, Childers was convicted of the carjacking offense.

The trial court made the true finding the People proved beyond a reasonable doubt the allegation under section 12022.1, subdivision (b) (out-on-bail enhancement) made against Childers, and reinstated the two-year consecutive sentence for that enhancement.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel mentions as possible, but not arguable, issues (1) whether Childers knowingly and intelligently waived his right to a jury trial on his out-on-bail enhancement; and (2) whether sufficient evidence supports the trial court's true finding on the out-on-bail enhancement.

We granted Childers permission to file a brief on his own behalf. He has not responded.

---

5 On December 6, 2012, Childers ultimately pled guilty to one of the felonies alleged in case No. SCD231261, possession of controlled substance for sale (Health & Saf. Code, § 11351).

4

A review of the record pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issues listed pursuant to Anders, has disclosed no reasonably arguable appellate issues. Childers has been competently represented by counsel on this appeal.

DISPOSITION

The judgment on remitter is affirmed.

IRION, J.

WE CONCUR:


BENKE, Acting P. J.


HUFFMAN, J.

5